# APRIL TERM, 1894.*

THE IOSCO COUNTY SAVINGS BANK v. ORLANDO M. BARNES.

*Attachment—Dissolution— Evidence — Findings of circuit judge.*

1. On the hearing of an application for the dissolution of an attachment, the burden of proof is upon the plaintiff to sustain the averments in the affidavit for the writ as to the existence of the statutory causes authorizing its issuance; and the conclusion of the circuit judge as to the truth of said averments is not reviewable, if there is any testimony warranting the same.[1]

---

* Continued from Vol. 99.

[1] DISSOLUTION OF ATTACHMENTS.

For cases bearing upon the proper construction of and practice under Act No. 125, Laws of 1851 (How. Stat. §§ 8026–8029), which authorizes any defendant whose property may be attached to apply to the judge of the circuit court or the circuit court commissioner of the county where the writ of attachment issued for a dissolution of such attachment, and of Act No. 247, Laws of 1881 (How. Stat. § 8030), which provides for an appeal from the determination, order, or judgment of any circuit court commissioner under the provisions of the act first cited, see:

### Constitutionality of Act.

1. *Chandler v. Nash*, 5 Mich. 409, holding that Act No. 84, Laws of 1853, which attempted to authorize dissolution proceedings before a notary public in certain cases, was in conflict with section 1, art. 6, of the Constitution, which vests the judicial power in one Supreme Court, in circuit courts, in probate courts, and in justices of the peace, and in such municipal courts as may be established by the Legislature in cities.

2. *Edgarton v. Hinchman*, 7 Mich. 352, holding that in conferring power upon circuit court commissioners to dissolve attachments the act does not give powers beyond those which may properly be exercised by a circuit judge at chambers, and therefore is not unconstitutional.

### Who May Apply for Dissolution.

1. *Paddock v. Matthews*, 3 Mich. 18, holding that a defendant who secures the release and restoration of the attached property,

2. The conveyance by a debtor some two years prior to the attachment of his property, and at a time when he was not indebted to any considerable extent as compared with his assets, which aggregated in value upwards of $500,000, of his homestead to his wife in exchange for other real estate owned by her, is not evidence of an intent to defraud his creditors.

by executing a bond to pay any judgment which may be recovered against him in the attachment suit, cannot apply for the dissolution of the attachment.

2. *Chandler v. Nash*, 5 Mich. 409, holding that an insolvent debtor, who has made an assignment of his property for the benefit of his creditors which is valid as to him, cannot apply for the dissolution of an attachment subsequently levied upon the property.

3. *Hyde v. Nelson*, 11 Mich. 353, holding that a defendant, by appearing and pleading to the action, does not estop himself from applying for the dissolution of the attachment.

4. *Edwards v. Hughes*, 20 Mich. 289, holding that where partnership property is attached upon an affidavit charging all of the partners with being about to dispose of their property with intent to defraud their creditors, and no grounds exist as against one of the defendants for the attachment, he, being entitled to the possession of all of the partnership property as against such unauthorized attachment, may apply for its dissolution without joining as co-applicants a co-defendant who was not served with the writ, and the remaining co-defendant, against whom cause existed for its issuance.

5. *Patterson v. Goodrich*, 31 Mich. 225, holding that a defendant who is the owner of and entitled to have restored to him a portion only of the attached property has a right to apply for the dissolution of the attachment.

6. *Rowe v. Kellogg*, 54 Mich. 206, holding that a husband, in joint possession with his wife of land belonging to her, but used as the family homestead, has, as head of the family, such an interest in the land as entitles him to complain of any unlawful interference with it; and if he is defendant in an attachment suit in which the land has been levied upon as his own, he is entitled to apply for the dissolution of the attachment.

7. *Gott v. Hoschna*, 57 Mich. 413, holding that the assignee of an insolvent debtor cannot apply for the dissolution of an attachment, that right being confined to a defendant who is entitled to a return of the property.

### Application.

1. *Osborne v. Robbins*, 10 Mich. 277, holding that the application should show that the applicant's property has been attached, and set forth the property taken, and must be verified.

2. *Nelson v. Hyde*, 10 Mich. 521, holding that a statement in the application that the applicant's property, to the value of more than $3,000, has been attached by virtue of the writ, is not a sufficient description of the attached property to give the commissioner jurisdiction.

3. *Macumber v. Beam*, 22 Mich. 395, holding that the continued ownership by the applicant of the attached property is sufficiently shown in the application by a positive allegation that the property of the applicant, describing it, has been attached, followed by a

3. On a review of the testimony of the defendant, upon which the plaintiff relies to sustain the writ of attachment issued in this case, it is held that there is not a particle of evidence showing or tending to show any fraud or concealment on the part of the defendant in the disposition of his property, and that all of his actions have been in the interest of creditors, or of some of them; and the order dissolving the attachment is affirmed.

---

prayer "that the said attachment of his property above described may be dissolved, and that the said property be restored to this applicant."

4. *Patterson v. Goodrich*, 31 Mich. 225, holding that the cause assigned for suing out a writ of attachment will be held to have been sufficiently negatived, at least after the parties have proceeded to a hearing on the merits, by an application to the truth of which the applicant makes oath, and in which he prays for the dissolution of the attachment for the reason that the affidavit made therefor was false, and that the applicant was not, as averred in said affidavit, about to assign or dispose of his property with intent to defraud his creditors.

5. *Johnson v. DeWitt*, 36 Mich. 95, holding that the application should allege a right in the applicant to the possession of the attached property, and if, upon the hearing, such allegation is negatived by proof that the possession was held by officers of the law under and by virtue of valid executions issued against the goods and chattels of the defendant, the application should be denied. (Overruled by *Association v. Printing Co.*, 58 Mich. 487.)

6. *Smith v. Collins*, 41 Mich. 173, holding that an application for the dissolution of an attachment on lands need not aver the right of the applicant to the restoration of the attached property.

7. *Zook v. Blough*, 42 Mich. 487, holding that where an allegation of ownership in the defendant of the attached property is distinctly made in the application, and there is nothing in the case indicating that any other person has acquired any right in opposition thereto, the legal presumption that the owner of property is entitled to its possession may very fairly be indulged in for the purpose of giving the commissioner jurisdiction.

8. *Bank v. Steele*, 81 Mich. 93, holding that an application in which the applicant denies that he has assigned, disposed of, or concealed his property with intent to defraud his creditors is not objectionable on the ground that such denial is in the alternative.

### Citation.

1. *Pearson v. Creslin*, 16 Mich. 281, holding that, where the citation is insufficient, the applicant will be considered as having abandoned the dissolution proceedings, and the same will be quashed as irregular and without jurisdiction.

2. *Campfield v. Cook*, 92 Mich. 626, holding that the service on November 29, of a citation returnable December 3, is insufficient, if one of the three intervening days is Sunday.

### Burden of Proof.

1. *Macumber v. Beam*, 22 Mich. 395, holding that, on the hearing of the application, the plaintiff has the affirmative, and the burden of proof is upon him to show to the satisfaction of the commissioner the existence of such facts as justified the issuance of the writ.

*Certiorari* to Ingham.    (Person, J.)    Argued February 2, 1894.    Decided April 10, 1894.

*Certiorari* to review proceedings resulting in the dissolution of a writ of attachment.    Affirmed.    The facts are stated in the opinion.

*Alfred Lucking,* for petitioner.

*Cahill & Ostrander (M. V. & R. A. Montgomery,* of counsel), for respondent.

2. *Brown v. Blanchard,* 39 Mich. 790, holding that the plaintiff in attachment has the burden of satisfying the commissioner that the writ was well founded.

3. *Bank v. Barge Co.,* 52 Mich. 164, holding that the affidavit for the attachment is *prima facie* sufficient cause for issuing the writ, but, upon the facts therein set forth being denied in the application, the burden is cast upon the plaintiff to make good the cause he alleges by other competent proof, in addition to that contained in his affidavit for the writ.

### *Evidence.*

1. *Hyde v. Nelson,* 11 Mich. 353, holding that a defendant in attachment, who is charged in the affidavit with being about to remove his property from the State with intent to defraud his creditors, may show by his own testimony on the hearing of the application for the dissolution of the attachment, as bearing upon his alleged fraudulent intent, that when the attachment was served he did not know that he was owing any one.

2. *Blanchard v. Brown,* 42 Mich. 46, holding that the existence of reasons for the plaintiff's belief that a statutory cause existed for suing out a writ of attachment is not necessarily in issue in proceedings to dissolve the attachment, but the inquiry is whether the defendant has actually done what the affiant believed him to have done.

3. *Carver v. Chapell,* 70 Mich. 49, holding that, on the hearing of an application for the dissolution of an attachment sued out on the ground of a fraudulent concealment and disposition of defendant's property, testimony tending to show that a portion of the property was exempt from execution, and that a portion belonged to the defendant's wife, is admissible to rebut the alleged fraud.

4. *Estlow v. Hanna,* 75 Mich. 219, holding that a writ of attachment issued on the ground that the debt sued for was fraudulently contracted will be dissolved if it appears that a portion of the claim is not affected by such fraud.

5. *Bank v. Steele,* 81 Mich. 93, holding that the intent to defraud must be found to exist as a fact in order to maintain the writ, and it is not enough to show that the debtor has conveyed or mortgaged his property, but it must be proved to have been done under such circumstances as warrant the conclusion that he actually had this fraudulent intent in his mind.

### *Order for Restoration of Property.*

1. *Price v. Reed,* 20 Mich. 72, holding that there is no authority

LONG, J. Plaintiff commenced suit in the Ingham circuit court against the defendant by attachment on September 6, 1893. The affidavit upon which the writ issued averred that the defendant had assigned and disposed of his property with intent to defraud his creditors, and also that he was about to assign and dispose of his property with intent to defraud his creditors. A levy was made under the writ upon a large number of parcels of real estate in Ingham county, and the writ was personally

in the statute for an order simply dissolving the attachment, and that to entitle a defendant to apply for its dissolution he must be in a position to be entitled to an order for the restoration of the property, which order the statute contemplates shall be made in any case in which the applicant is successful.

2. *Bank v. Whittle*, 41 Mich. 365, holding that the lien of a sheriff under an execution, and his right to custody by virtue of it, cannot be disturbed by an order for the restoration of the property to the defendant made on the dissolution of an attachment of the property.

3. *Blanchard v. Brown*, 42 Mich. 46, holding that it is the business of the defendant to see to the enforcement of the order for the restoration of the property.

*Appeal.*

1. *Publishing Co. v. Association*, 61 Mich. 336, holding that the recovery by the plaintiff of a judgment in the attachment suit pending his appeal from an order dissolving the attachment will not affect the question of his right to the original writ, nor will the levy of an execution issued on said judgment on the attached property so merge the attachment lien as to nullify its original force, or invalidate or impair the office of the writ previous to such merger.

2. *Harvey v. Circuit Judge*, 63 Mich. 572, holding that How. Stat. § 8030, does not authorize an appeal from the order of a circuit judge made in proceedings to dissolve an attachment.

3. *Free Press Co. v. Association*, 64 Mich. 605, holding that the abandonment of an appeal from an order dissolving an attachment is not shown by proof of the rendition of judgment in the main case pending the appeal, the levy of an execution on the attached property, its replevin by a third party and the consequent return of the execution unsatisfied, the levy of an alias execution, and the filing of a bill in aid thereof.

4. *Roskopp v. Circuit Judge*, 97 Mich. 628, holding that notice of trial of an appeal from an order dissolving a circuit court writ of attachment is properly served upon the attorneys of record for the plaintiff in the attachment suit, who appeared and defended for the appellant in the dissolution proceedings, and one of whom made the affidavit for appeal, in which he stated that he was one of the attorneys for the appellant in said proceeding, and made the affidavit for and in his behalf.

*Review of Proceedings by Certiorari.*

1. *Hyde v. Nelson*, 11 Mich. 353, holding that, where there is

served upon the defendant. September 23, 1893, the defendant presented a petition to the circuit judge of that county for a dissolution of the writ, and upon the hearing the writ was dissolved. The case comes to this Court by *certiorari*.

On the hearing before the circuit judge it appears that the plaintiff moved to quash the proceedings for the dissolution so far as related to certain lots in the city of Lansing, because it was shown by the petition for the dissolu-

testimony on both sides bearing upon the issue made on the application for dissolution, the Court is not at liberty to inquire into the facts of the case as thus presented, and review the findings of the commissioner on mere questions of fact.

2. *Mendelsohn v. Smith*, 27 Mich. 2, holding that *certiorari* will not lie where the plaintiff in the attachment suit claimed on the hearing of the dissolution proceedings, and claims in the petition for *certiorari*, to be the owner of the attached property.

3. *Hitchcock v. Sutton*, 28 Mich. 86, holding:

*a*—That where the error assigned in an affidavit for *certiorari* to review the decision of a circuit court commissioner refusing to dissolve an attachment is that there was no evidence showing or tending to show the existence of the grounds upon which the writ issued, it is the duty of the commissioner to return all of the evidence on that subject, which he will be presumed to have done where he states that he returns a statement of all plaints levied or affirmed before him, together with all things touching the same, in the dissolution proceeding, and, if in fact other evidence was given, the party making such claim should apply for a further return.

*b*—That where the return shows an entire want of evidence to support the grounds upon which the writ of attachment issued, the order of the commissioner will be reversed, and the attachment dissolved.

4. *Patterson v. Goodrich*, 31 Mich. 225, holding:

*a*—That an objection not taken before the commissioner will not be favored.

*b*—That a record which shows that, on the evidence of the plaintiff that the defendant was the owner of a portion only of the attached property, the commissioner erroneously decided that the defendant was not entitled to a dissolution of the attachment, and dismissed the proceeding for want of jurisdiction, but which fails to show expressly that all of the evidence is returned, is not open to the inference that the order of the commissioner was made on other evidence which satisfied him that there was sufficient cause for the attachment.

5. *Taylor v. Circuit Judge*, 32 Mich. 95, holding that under article 6, § 8, of the Constitution, the circuit court may issue, subject to the appellate jurisdiction of the Supreme Court, a writ of *certiorari* to review proceedings before a circuit court commissioner for the dissolution of an attachment; citing *Thompson v. School-District*, 25 Mich. 483, which rules this case.

6. *Brown v. Blanchard*, 39 Mich. 790, holding:

tion that the defendant had no interest in those lots as owner, except a claimed homestead right.

The errors assigned in the affidavit for the writ of *certiorari* are that the circuit judge erred—

1. In denying the motion to quash the proceedings so far as related to such lots.

2. In sustaining the objection of counsel for defendant to the question, "I ask you where it is," when petitioner's counsel was asking as to the whereabouts of the remainder of certain money owned by the defendant, and about which he was testifying.

3. In excluding the question, "I ask for an answer," and in instructing the witness, "You need not answer it

*a*—That where the record shows that no claim was made before the commissioner that there was no testimony to be considered in favor of the respondent, and the affidavit for *certiorari* does not rest on a total want of testimony, but on an erroneous finding by the commissioner, no question of law is presented.

*b*—That the decision of the commissioner on the testimony introduced before him is not open to review where he has fully passed upon it; and see *Bank v. Whittle*, 41 Mich. 365, holding that the conclusion reached by the commissioner upon the facts is not reviewable on *certiorari*.

7. *Zook v. Blough*, 42 Mich. 487, holding that a circuit court commissioner has power to allow a writ of *certiorari* to review proceedings before another commissioner for the dissolution of an attachment, and the circuit court has jurisdiction to issue the writ and hear the case; citing *Merrick v. Township Board*, 41 Mich. 630.

8. *Schall v. Bly*, 43 Mich. 401, holding that the refusal of a circuit court commissioner to pass on objections to the admission of evidence works no prejudice, as such rulings would not be reviewable if made.

9. *Sheldon v. Stewart*, 43 Mich. 574, holding that the special findings of fact made by the commissioner are conclusive if there was any evidence to support them.

10. *Bank v. Barge Co.*, 52 Mich. 164, holding that the decision of the circuit judge on the testimony will not be reviewed unless there is an entire absence of proof on some material point, but that questions of law arising in the case, when properly presented, are open to review.

11. *Carver v. Chapell*, 70 Mich. 49, holding that it is not the province of the appellate court to review questions of fact, or pass upon the weight of the testimony or the credibility of the witnesses, nor was it intended in *Loder v. Littlefield*, 39 Mich. 512, to countenance such a practice.

12. *Lord v. Wirt*, 96 Mich. 415, holding that rulings of the circuit judge on the admission of evidence cannot be reviewed, and that a finding that the defendant has not disposed of his property with intent to defraud his creditors is conclusive, if there is any evidence to support it.

13. *Jaycox v. Balch*, 98 Mich. 160, holding that an alleged copy

just at present." This inquiry related to the whereabouts of $6,000 owned and controlled by the defendant.

4. In concluding that the defendant had not assigned and disposed of his property with intent to defraud his creditors.

The return of the circuit judge to the writ of *certiorari* shows that the claim made on the first point was that the homestead could consist of no more than a single lot in the city, and that the defendant did not specify which of the lots, being five in number, constituted the homestead; and that he overruled this objection. The return further shows that on the hearing for the dissolution of the writ of attachment before the circuit judge the plaintiff called Mr.

---

of a writ of *certiorari* issued to review proceedings resulting in the dissolution of an attachment, which is not attested by any public officer, is not of itself competent proof of the reinstatement of the attachment lien by the removal of the dissolution proceedings to the Supreme Court.

*Dissolution of Justice's Court Attachments.*

1. *Albertson v. Edsall*, 16 Mich. 203, holding that the statute applies to justice's court attachments, and that a motion for a *supersedeas* to stay the further prosecution of an attachment suit, commenced before a justice of the peace after the dissolution of an attachment of the same property in the circuit court and the discontinuance of that suit, will not be entertained, as the defendant has his appropriate remedy by applying for the dissolution of the second attachment.

2. *Hills v. Moore*, 40 Mich. 210, holding that the dissolution of a justice's court attachment will not oust the justice of jurisdiction over the person of the defendant if he has been personally served, but, in the absence of such service, such dissolution will deprive the justice of all jurisdiction in the premises, unless the commissioner, as a condition thereto, requires the defendant to appear in the suit.

3. *Churchill v. Goldsmith*, 64 Mich. 250, holding that the dissolution by a circuit court commissioner of a justice's court attachment, and an appeal to the circuit court, pending the adjournment of the main case for 30 days in default of the appearance of the defendant, will not prevent the rendition of judgment in favor of the plaintiff on the adjourned day; but, if the defendant was not served and did not appear, the dissolution of the attachment on the trial of the appeal will vacate said judgment.

*Miscellaneous Cases.*

1. *Bower v. Town*, 12 Mich. 230, holding that the only mode by which a defendant can contest the truth of the facts stated in the affidavit as grounds for issuing the attachment is by an application under the statute for its dissolution; and that a plea in abatement negativing such alleged facts is properly stricken from the files.

2. *Linn v. Roberts*, 15 Mich. 443, holding that the statute

Barnes as a witness, and that he testified, in substance, that he had made an arrangement to borrow of Jeptha H. Wade, of New York, the sum of $100,000, for use in the adjustment of certain debts upon which the witness was liable, as indorser or otherwise, for the Lansing Iron & Engine Works and others; that for the purpose of securing the payment of this $100,000 in five years from the date of making the loan he had executed a mortgage to Wade for that amount June 30, 1893, covering a large portion of his real estate. The witness further testified that he had not received all of the money secured by this mortgage, but had received $50,000 of it, and that of that amount he had paid out $43,000 or $44,000 to creditors, and had $6,000 or $7,000 of it left. He was then asked by plaintiff's counsel:

---

empowers the commissioner to impose costs upon the defeated party.

3. *Vinton v. Mead*, 17 Mich. 388, holding that a circuit court commissioner can only dissolve an attachment for reasons going to show that the plaintiff " has not a good and legal cause for suing out such writ;" and that this includes nothing but an inquiry into the facts or the sufficiency of the affidavit, and all ther defects in the proceedings must be passed upon by the court,

4. *Folsom v. Teichner*, 27 Mich. 107, holding that the language of the statute that, " if said judge or commissioner shall be satisfied that such plaintiff has not a good and legal cause for suing out such writ," he may order the attachment dissolved, refers to the state of facts made to appear at the hearing; and that the " good and legal cause," which alone can sustain the writ, must be a cause existing in fact, and not merely in the belief of the plaintiff, however well founded it may have appeared to him, when he made the affidavit for the attachment.

5. *Smith v. Collins*, 41 Mich. 173, holding that the statute authorizes the dissolution of an attachment on lands; following *Edgarton v. Hinchman*, 7 Mich. 352.

6. *Schall v. Bly*, 43 Mich. 401, holding that the right of a debtor to apply for the dissolution of an attachment levied on his land is not cut off by the levy of subsequent attachments thereon.

7. *Sheldon v. Stewart*, 43 Mich. 574, holding that the existence of other attachment levies is not such an impediment as ought to bar the defendant from the statutory remedy, and compel him to submit to an *ex parte* allegation of fraudulent misconduct, but he is entitled to an opportunity to impeach the cases one by one as they were instituted, unless a different course is stipulated, and before he can be debarred his remedy the court must be able to say that he has lost his right to a return, and it has no right to make an arbitrary assumption of that sort.

8. *Gray v. York*, 44 Mich. 415, holding that error will not lie on

"What have you done with the remainder of the money?

"*A.* I do not care to state where it is, unless that is important.

"*Q.* I ask you where it is.

"*Defendant's Counsel:* I object to it.

"*A.* The money is in my control, that remains.

"*Q.* Will you pay our debt with it?

"*A.* I am ready to pay it out on the debts whenever the proposition is accepted.

"*Q.* What proposition?

"*A.* I obtained this money to fulfill my engagement with these creditors if they accepted that 20 per cent.

"*Q.* Have they accepted it?

"*A.* A part of them have, and have been adjusted with the rest of the debts.

"*Q.* Then you are willing to pay us if we will take 20 per cent.?

---

the order of the circuit court affirming on *certiorari* the order of a circuit court commissioner dissolving an attachment, judgment having in the mean time been rendered in favor of the plaintiff in the main case.

9. *Bank v. Barge Co.*, 52 Mich. 164, holding that an application for the dissolution of an attachment is in the nature of a motion, and can be disposed of at chambers; but that a hearing is required, and a trial of the questions of fact must be had, and there is no reason why the rules governing the trial of such issues should not be applied upon the hearing.

10. *Rowe v. Kellogg*, 54 Mich. 206, holding that the powers of a circuit judge in proceedings to dissolve an attachment are identical with those of a circuit court commissioner, and he does not exercise the full judicial authority of the court itself.

11. *Association v. Printing Co.*, 58 Mich. 487, holding that the levy of an execution, issued on a judgment in favor of another creditor, upon attached property in the possession of the officer making the levy, is no bar to the dissolution of the attachment, but the execution lien will not be affected by such dissolution.

12. *Publishing Co. v. Association*, 61 Mich. 336, holding that the object and intent of the decision in *Association v. Printing Co.*, 58 Mich. 487, was to place proceedings for the dissolution of attachments upon the same basis as other suits, to the end that the rights of the parties upon the hearing should stand and be adjudicated, as in other actions, as they were when the attachment suit was commenced, unless the defendant, by his own acts, had lost his right to the possession of the attached property, as in *Chandler v. Nash*, 5 Mich. 409, and *Price v. Reed*, 20 Id. 72.

13. *Gore v. Ray*, 73 Mich. 385, holding that proceedings for the dissolution of an attachment are not superseded by the rendition of judgment in the case, and the defendant has a right to a hearing upon the issue made in such proceedings, unless he has in the mean time voluntarily parted with his right to the possession of the property, or by some other act estopped or debarred himself from insisting upon a dissolution.

"*A.* I am willing you should be paid fully, but the proposition was that I would pay out of my own means 20 per cent. if they would take the principal debtors' property for the other 80.

" *Q.* Then you will not pay us unless we will take 20 per cent.?

"*A.* I cannot say that. I would pay, sir, all of these debts, if I had the money to pay it. I made the best proposition that I was able to do that time.    *    *    *

" *Q.* Will you pay the Iosco County Savings Bank this debt of $5,000 or more that you owe them?

"*A.* Well, if you speak of my disposition to do so, I will say that if it was right for me to do it I would; but I do not think I should pay, to be frank, that Iosco County Savings Bank, and let everybody else lose. I would be glad to divide every dollar I had among these creditors, and have them satisfied."

The witness further testified that he was an indorser for upwards of $315,000 for the Lansing Iron & Engine Works, $300,000 for the Lansing Lumber Company, and that he had become an indorser for O. F. Barnes, upon which there still remained unpaid upwards of $140,000, for which he was liable; that, if he paid all the O. F. Barnes debts in full, and paid 20 per cent. upon the other indebtedness, it would exhaust every dollar of his property. He was then asked:

" How much are you offering the creditors of O. F. Barnes?

" *A.* I have not made any offer to them. I have been to those having the largest obligations, and offered them all the security I could. I have not been able to pay them any money.

" *Q.* You have offered them some security?

"*A.* Such as I had.

"*Q.* At what rate?

"*A.* At full. If I do not pay those debts in full, I shall not realize my desire in coming in and making myself liable. I have not asked anybody to discount a debt a dollar. I have asked them to take full pay.

" *Q.* In what way?

" *A.* The iron works, as I said to you; take the iron

works property for what it is worth, and let me pay the balance; and then I believe I can, if all the creditors will have patience with me, pay off the O. F. Barnes debt."

The witness was later on asked:

"I think you said this $6,000 was under your control?
"*A.* Yes, sir.

"*Q.* It is not where the creditors can reach it?

"*A.* I don't say that. I have not taken any pains to place it where they would reach it. I am not keeping it from creditors; I am keeping it for creditors.

"*Q.* Keeping it for those that accept the 20 per cent. offer?

"*A.* Well, I want to pay the interest. I have said that I would pay the interest on the debts there up to the time when this bargain was made,—when this mortgage was made,—that is, on some interest on their papers. I expected to have paid that in money, and have said I would pay it in money, and am endeavoring to keep a reserve to meet that payment.

"*Q.* Where is this $6,000?

"*A.* I have said I preferred not to answer it unless it is material.

"*Q.* I ask for an answer.

"*The Court:* You need not answer it just at present."

The return further shows that, after hearing all the testimony and the arguments of counsel, the circuit judge determined that the defendant had not assigned and disposed of his property with intent to defraud his creditors, and therefore dissolved the writ.

We have not set out here the testimony in reference to the homestead property, but it appears that this real estate was deeded to the defendant's wife some two years prior to the time when these proceedings were had; that the deed was made under an arrangement by which the defendant took from his wife certain other real estate, and also at a time when the defendant was not indebted to any considerable extent, as compared with the amount of property held and owned by him, which was upwards of $500,-000. We think the circuit judge was right in holding

that in this transaction there was no evidence of an intent
to defraud any one.    A consideration was paid for the
homestead by the wife; and whether it was entirely adequate
or not can have but little weight, under the testimony in
the case.    At least, the circuit judge had the right to
determine the question of fact, and there was testimony
warranting the conclusion which he reached that no fraud
was shown in this transfer.    The burden of proof was upon
the plaintiff in that proceeding to show affirmatively that,
whatever disposition was made of his property by the
defendant, it was with intent to defraud creditors; and we
cannot say, as matter of law, that the circuit judge was
in error in his finding.    *State Bank v. Whittle,* 41 Mich.
365; *Schall v. Bly,* 43 Id. 401; *Genesee County Sav. Bank
v. Barge Co.,* 52 Id. 164.

We think the circuit judge was correct, not only in the
finding made in the matter of the homestead interest, but
also in finding upon the main question that there was no
evidence showing or tending to show that the defendant
had disposed of his property with intent to defraud his
creditors.    The testimony not only fails to show any such
intent, but does show the utmost good faith upon the part
of Mr. Barnes to pay his creditors.    He was an indorser
to a large amount upon the paper of the Lansing Iron &
Engine Works, the Lansing Lumber Company, and of O.
F. Barnes.    He attempted to aid all these parties in the
payment of their debts.    His proposition was that the
creditors of the Iron & Engine Works should receive from
him 20 per cent. of that indebtedness if they would look
to the principal debtor for the other 80 per cent.    This
was attempted, and to meet the 20 per cent. these mort-
gages were made.    He had, in the mean time, paid up
over $300,000 of the O. F. Barnes paper.    There is no
proof of any concealment of property, no artifice or bad
faith.    The disposition which he sought to make of his

property was to pay as fast and as far as he could. If the arrangement could be carried out to pay 80 per cent. from the property of the Iron & Engine Works, he believed he could pay the debts of his son, O. F. Barnes, in full. This was the inducement which led him to make the attempt, and the record is clear that he has disposed of none of his property except in payment of the debts of these concerns. The $6,000 or $7,000 which had been received from the mortgage was kept for the purpose of carrying out that arrangement. He had made no disposition of it. He kept it, and had it under his control, to meet the interest in that matter. This is conclusively shown by his testimony.

It is said, however, that the arrangement made with the creditors of the Iron & Engine Works was fraudulent, in that it was a proposition to them to take 20 per cent. and release him, or he would not pay anything. This is not the testimony of Mr. Barnes, and the circuit judge held that it did not bear that construction; and in that the circuit judge was correct. The whole situation must be looked at and the arrangement viewed in the light of the surrounding circumstances. It appears to us that the circuit judge was right in saying that the testimony warranted the construction that it was an honest effort to pay all he could out of his property, and not an effort to defraud anybody.

It is claimed, however, that the giving of the mortgage for $100,000, and receiving only $50,000 thereon, is an evidence of fraud. We do not think so. The money received on the mortgage, or the most of it, was at once turned over to creditors; and the reason of giving it for $100,000 is fully explained.

It is said, also, that the refusal to disclose where the $6,000 was deposited or kept was evidence of fraud. When it is remembered for what purpose it was kept on hand,

there can be no question that such safe-keeping was in the interest of creditors, and not against their rights. It was to aid in carrying out the arrangement made, and to pay the interest on the amount necessary to do so. The keeping it away from one set of creditors to the advantage of another would be no evidence of fraud. He had the right to prefer one creditor over another, and to pay off one class first in preference to another. If the circuit judge had permitted the answer to the question, and the defendant had answered that he had the securities for this $6,000 concealed at his house, or the amount in cash in his pocket, it would not warrant any inference of fraud, under the circumstances here stated. *Gore v. Ray*, 73 Mich. 385.

No witness was called by the plaintiff except the defendant. It is upon his testimony alone that plaintiff relies to sustain its suit; and, as we have already said, there is not a particle of evidence showing or tending to show any fraud or concealment. All his actions have been in the interest of creditors, or some of them. We have no power to reverse the findings of the circuit judge upon the questions of fact if there is evidence to sustain them. We think they are sustained by the evidence, and that the circuit judge was not in error in ruling out the question as to where the $6,000 was kept by defendant.

Judgment affirmed.

The other Justices concurred.