HENRY W. RICKEL AND LOUIS HENZE v. JULIAN STRELINGER.

*Attachment—Dissolution—Certiorari—Fraudulent conveyances.*

1. The rulings of the circuit judge in regard to the admission of evidence, made on the trial of an appeal from an order dissolving an attachment, are not reviewable on *certiorari*.[1]

2. The giving of a chattel mortgage by an insolvent debtor to a trustee to secure *bona fide* debts is no evidence of an intent to defraud anybody, but is evidence of an attempt to secure the mortgagor's creditors.[2]

3. Evidence tending to show that a debtor, shortly prior to executing a chattel mortgage to a trustee to secure his creditors, stated to a member of a firm to which he was indebted that he had no debts aside from that of said firm and one other creditor, who was also secured by the mortgage, will not establish the fact that other claims secured by the mortgage, and which purport to have been incurred several months prior to the making of said statements, are not *bona fide*.

[1] For cases bearing upon the question of the review by *certiorari* of proceedings for the dissolution of an attachment, see note to *Savings Bank v. Barnes*, 100 Mich. 5.

[2] For cases bearing upon the validity of mortgages given in trust to secure all or a portion of the mortgagor's creditors, see note to *Bank v. Bank*, 100 Mich. 487 (4).

*Certiorari* to Wayne. (Carpenter, J.) Argued June 23, 1894. Decided September 25, 1894.

Defendant brings *certiorari* to review proceedings resulting in the reinstating of an attachment which had been dissolved by a circuit court commissioner. Reversed, and order of dissolution sustained. The facts are stated in the opinion.

*Harlow P. Davock,* for petitioner.

*William Look* and *Edward Minock* (*Ira G. Humphrey,* of counsel), for plaintiffs.

LONG, J. On November 6, 1893, the defendant, doing business as a brewer in the city of Detroit, was indebted to the plaintiffs in the sum of $3,355.55. Being pressed by them for payment, he promised to give security for the debt. Instead of so doing, he gave a chattel mortgage on his personal property to James Holihan, as trustee for the creditors named in said mortgage, the plaintiff's claim being stated at $2,700. This chattel mortgage was filed in the city clerk's office on November 6, 1893. Plaintiffs had no knowledge of the giving of this mortgage until three days afterwards, when they caused a writ of attachment to be issued out of the circuit court for Wayne county, based upon an affidavit made by one of the plaintiffs, setting forth that the defendant had assigned and disposed of some of his property with intent to defraud his creditors, and that he was about to assign and dispose of his property with intent to defraud his creditors. On a petition made by the defendant before a circuit court commissioner the attachment was dissolved. Plaintiffs appealed from this order to the circuit court for the county of Wayne, where the case was tried before one of the judges without a jury, and the order of the com-

missioner overruled, and the attachment reinstated. The case comes to this Court by *certiorari*.

The reasons assigned in the affidavit for the writ of *certiorari* are:

1. That there is no evidence to support the finding that the plaintiffs had a good and legal cause for suing out the writ of attachment.

2. That there is no evidence to support the finding that the defendant had assigned and disposed of a portion of his property with intent to defraud his creditors, and that he was about to assign and dispose of his property with intent to defraud his creditors.

Some other errors are claimed in the affidavit relating to the admission of evidence, but it is well settled in this State that rulings in regard to the admission of evidence are not reviewable on *certiorari* in this class of cases. *Schall v. Bly*, 43 Mich. 401.

No findings of fact or law were made by the court below, but all of the testimony taken before the circuit court is returned here for review, and the only question which we can consider is whether there was evidence to support the plaintiffs' claim made in the affidavit that the defendant had disposed of his property with intent to defraud his creditors, or was about to dispose of his property with intent to defraud his creditors. Their claim is that certain facts were shown upon the hearing in the court below that warranted the court in reinstating the attachment. These facts are stated in counsels' brief to be that, before the mortgage was given, defendant had stated to plaintiffs that they were the only creditors of any importance; that he owned a brewery, and also some property on High street; that his debts to others were of little or no importance; that again he stated to plaintiffs that he owed only them and one Weidner, and that Weidner's bill was but $425. The chattel mortgage, however, covers a large amount which purports to have been incurred several months

prior to these conversations. It is claimed that plaintiffs relied upon these statements as to defendant's obligations. This being testified to by plaintiffs, it is claimed that the burden of proof was upon the defendant on the hearing to show that the claims secured by the chattel mortgage were *bona fide.* It is claimed as a further ground for sustaining the writ that the mortgage given, if valid, did not purport to secure the entire indebtedness of the plaintiffs, as, over and above the amount stated in the mortgage, defendant owed plaintiffs about $600.

We are of the opinion that there was no evidence to sustain the allegations in the affidavit. Plaintiffs are not claiming that the debt due them was fraudulently contracted, or that they relied upon defendant's statement, in giving him credit, that he was not indebted to other persons; but they rely upon the fact that he had disposed of his property, and was about to dispose of it, with intent to defraud his creditors. The only proof of this, as shown by this record, is the giving of this chattel mortgage. The giving of the mortgage is no evidence of intent to defraud anybody, but is evidence of an attempt to secure his creditors for their debts. *Iosco Co. Savings Bank v. Barnes,* 100 Mich. 1. The burden of proof was upon the plaintiffs to show the truth of the allegations in the affidavit for the writ of attachment, and the proof which they offered, tending to show the statements made by the defendant that he had no debts aside from what he owed plaintiffs and W.eidner, would not establish the fact that the claims secured under the mortgage were not *bona fide.* Upon an examination of the whole record, we are satisfied that there was no evidence showing or tending to show that the allegations in the affidavit were true. The case falls so clearly within the rule laid down in *Iosco Co. Savings Bank v. Barnes, supra,* that it needs no further discussion.

The order of the circuit court reinstating the writ of attachment must be overruled, and the order of the circuit court commissioner dissolving the writ will be sustained. The defendant will recover costs of both courts.

McGrath, C. J.; Grant and Hooker, JJ., concurred. Montgomery, J., did not sit.