### BERUBE *v.* WHEELER.

NOTICE OF TRIAL—MANDAMUS AGAINST HIGHWAY COMMISSIONER —PARTIES—PLEADING—CONSTRUCTION OF BRIDGE—NECESSITY— EVIDENCE.

*1. In a *mandamus* proceeding against the commissioner of highways of a township to compel the erection of a bridge, the case was at issue upon the filing of the answer to the petition, and was not a calendar case, requiring 14 days' notice of trial.

2. Resident freeholders are the proper parties to institute the proceeding. The duty of the commissioner is not one due to the government as such.

3. A statement of fact in the petition must be taken as true, unless denied in the answer.

4. Under a statute which requires such commissioner to submit the proposed expenditure for the construction of a bridge to, and obtain the approval of, the township board, where the commissioner has done so, and the board has refused its approval, the township board is a necessary party in a *mandamus* proceeding to compel the erection of the bridge.

5. It is no defense to such a petition that no money has been voted by the electors to construct the bridge; the statute providing for issuing orders and the method for collecting them. Section 4130, 2 Comp. Laws.

* Head-notes by GRANT, J.

6. In such proceedings the "necessity of the public safety" re-
fers to the bridge on the highway of which it is a part, and
not to a bridge on another highway, several miles distant.

7. Opinion evidence as to the necessity of a bridge over the
stream was not competent. Whether, in these proceedings,
the rulings of the circuit court upon the admission and rejec-
tion of evidence can be reviewed,—*quære*.

*Certiorari* to Alcona; Connine, J. Submitted April
12, 1901. Decided July 19, 1901.

*Mandamus* by Amie Berube and others to compel Peter
Wheeler, highway commissioner of the township of Mi-
kado, to rebuild a bridge. From an order granting the
writ, respondent brings *certiorari*. Reversed.

August 3, 1900, 23 freeholders of the township of Mi-
kado addressed a petition to the respondent, the highway
commissioner of said township, for the construction of a
bridge which had been washed away. Respondent re-
turned the petition without comment. It was returned to
him, requesting its consideration. Petitioners received no
reply, and thereupon filed a petition in the circuit court
for the county of Alcona to compel respondent to construct
the bridge. Respondent filed his answer on the 10th of
September, and announced himself as ready for trial.
The cause was placed upon the calendar for that term,
and on September 13th tried with a jury; certain ques-
tions of fact being submitted to them. Issues of fact were
decided in favor of the petitioners. The court then post-
poned further proceedings until October, 1900, to permit
counsel to prepare briefs and arguments, and then decided
the case in favor of the petitioners. Counsel for respond-
ent obtained a stay of proceedings for 30 days in which to
remove the cause to this court, during which time nothing
was done. On December 17th the peremptory writ was
issued, and served on the respondent. On February 12,
1901, the respondent applied to this court for the writ of
*certiorari* to review the action of the circuit court.

The following issues of fact were submitted to the jury:

128 MICH.—3.

"1. Was and is there a public highway on and along the section line between sections 23 and 24 in said township of Mikado, over and across Pine river, as described in said petition?

"2. Is it necessary for the public safety that a bridge should be built on the highway between sections 23 and 24 where it crosses Pine river, in the township of Mikado, in said Alcona county?

"3. Is it necessary that a bridge be built over Pine river on the highway between sections 23 and 24, in said township of Mikado, to render said highway in a condition reasonably safe and fit for travel?

"4. What will be the cost of building a bridge over and across said Pine river at said point on said highway that will render public travel safe?"

The court also, upon its own motion, submitted the following issues:

"5. Did the highway commissioner, acting in good faith, present the petition in this case to the township board, and did the town board refuse to approve the building of the bridge at the point in question?

"6. Did the town board consider the matter of the petition upon its merits, and consider it fairly and honestly?

"7. Did the town board arbitrarily refuse to approve the petition?"

The first, second, third, fifth, and seventh questions were answered, "Yes;" the fourth was answered, "$900;" the sixth, "No."

*William H. Simpson,* for relators.

*O. H. Smith (De Vere Hall,* of counsel), for respondent.

GRANT, J. (*after stating the facts*). There are 36 assignments of error. We will dispose of those which we consider important.

1. This was not a calendar case, requiring 14 days' notice of trial. Cir. Ct. Rule No. 46*d; Schattler* v. *Wayne Circuit Judge,* 109 Mich. 567 (68 N. W. 1102).

2. The relators, being parties interested, are entitled to

maintain the action. It is not a case where the officers of the State are required to institute the proceeding in order to confer jurisdiction. The duty sought to be enforced is not one due to the government as such. *Union Pac. R. Co.* v. *Hall,* 91 U. S. 343.

3. It is urged that the commissioner decided that it would require the expenditure of more than $1,000, and therefore he could not proceed without the authority of the township board. Section 4131, 2 Comp. Laws. The conclusive reply to this is that the respondent raised no such question by his answer. The petition alleged that it would cost less than $1,000, and the jury determined that it could be built for $900. Had respondent desired to raise this question, he should have set it forth in his answer. He admitted the truth of the petition in this regard by neglecting to traverse it.

4. In 1899 the legislature amended section 4169, 2 Comp. Laws, to read as follows:

"In all cases involving an expenditure of an amount over fifty dollars in the repairing or construction of roads or bridges in any township of this State, the commissioner shall submit the proposed expenditure to the township board, and, upon the approval of the said board, said commissioner shall advertise for sealed proposals for the doing of such work and the making of such repairs, and together with the township clerk, subject to approval of the township board, shall contract with the lowest bidder giving good and sufficient security for the performance of the work." Act No. 55, Pub. Acts 1899, § 3.

The court instructed the jury as follows:

"Now, by an amendment passed this last year,—1899, —it was made the duty of the commissioner, if the expense of building this bridge exceeds $50, to lay the petition before the township board before he proceeds in the building of the bridge. I say, if the expenses, in his judgment, would exceed $50, it was then his duty to lay the petition before the township board; and if he acted in good faith, and if they acted in good faith, and refused to approve it, and did not approve it, that ends the matter."

Evidently, under this act, it was the duty of the re-

spondent to submit the matter to the township board, and he could not act in the matter without their approval. By this proceeding this board is condemned as acting in bad faith without a hearing. Whether, as the circuit judge held, the refusal of the township board in good faith to approve the construction of this bridge is conclusive, we need not determine. I consider it doubtful. If the judge was correct, then the responsibility in the matter of these repairs and construction of bridges is in the hands of the township board, and not of the commissioner, and it is the party which should appear in court to answer for its conduct, or its exercise of power. We therefore are compelled to hold that the proceeding is fatally defective for want of a proper party.

5. The fact that no money had been voted by the electors to construct the bridge is not a defense to the refusal to build it. Section 4130, 2 Comp. Laws, provides how the money to construct a bridge under section 4129 shall be raised. The commissioner issues his orders upon the township treasurer, who is required to notify the township clerk of the amount of such orders, and that amount is included by the township clerk in the statement of the amount to be raised for township purposes, and it is the duty of the supervisor to levy it.

6. Error is assigned upon the refusal of the court to instruct the jury that, if the township was about to construct another bridge upon another road across the river, over which the residents could pass, although they were obliged to travel several miles farther, then no necessity existed for the construction of this bridge. The statute authorizes the commissioner, "in cases where it shall be necessary for the public safety, to build, rebuild, or repair any bridge," etc. The decision of this question depends upon the construction to be placed upon this statute. This highway had been in existence for 16 years. The bridge had been swept away. People might cross this river with safety over a bridge 20 miles away; but the word "safety" is not used in that sense in this statute. It means, "Is the

repair or rebuilding of the bridge necessary for the safety of the public who have occasion to use the highway where the bridge is located?" The necessity of the public highway had been settled in the proceeding to lay it out. That decision can only be reversed by the proper proceeding to discontinue the highway. The sole question for determination in this proceeding was, Is the construction of the bridge necessary for the safety of the public using the highway in question? We do not mean to say that the bridge must be constructed at the same point as the old one; it may be placed farther up or down the stream; but it must be so arranged as to constitute an essential part of the highway in question, so as to accommodate the public living on both sides.

7. Several questions are raised upon the admission and rejection of testimony. We find no error in the rulings of the court in this regard that requires a reversal of the case. We may, however, say, in view of the probability of another proceeding, that opinion evidence as to the necessity of this bridge for the public safety is not competent.

It is urged that this proceeding is similar to a hearing on petition to dissolve an attachment, in which this court will not review the rulings of the circuit court upon the admission and rejection of evidence. *Rickel* v. *Strelinger*, 102 Mich. 41 (60 N. W. 307). It is unnecessary to decide this important question in this case. Counsel have given it but little consideration in their briefs, and evidently have not given it the careful examination which its importance demands.

Order reversed, and proceedings quashed. No costs will be allowed.

The other Justices concurred.