BEARDSLEY v. EVANGELICAL LUTHERAN BETHLEHEM
CHURCH.

MUNICIPAL CORPORATIONS—VARIATION FROM ZONING ORDINANCE—
DECISION OF BOARD OF APPEALS FINAL—STATUTES.

Where order of board of appeals, on appeal from decision of
building inspector permitting variation from building re-
strictions as fixed in city zoning ordinance, recited required
findings of "practical difficulties" and "unnecessary hard-
ship," said order is sufficient on its face, and, under statute
and ordinance, is final, in absence of fraud or bad faith
(1 Comp. Laws 1929, § 2633 *et seq.*).

Appeal from Superior Court of Grand Rapids;
Shaw (Arthur F.), J. Submitted October 5, 1932.
(Docket No. 31, Calendar No. 36,688.) Decided Jan-
uary 3, 1933.

Bill by Rosa M. Beardsley and others against
Evangelical Lutheran Bethlehem Church and others
to enjoin construction of a church alleged to be in
violation of a zoning ordinance. Bill dismissed.
Plaintiffs appeal. Affirmed.

*Dean S. Face,* for plaintiffs.

*Hilding & Baker* and *Ganson Taggart,* for defend-
ant church.

*Clare J. Hall,* for defendant Strom Construction
Company.

*Dale Souter,* City Attorney, for defendant City
of Grand Rapids.

CLARK, J.   The defendant Evangelical Lutheran Bethlehem Church owns land in the city of Grand Rapids, on which it began erecting a church by defendant Strom Construction Company, the contractor.   The land is within a certain district as fixed by a zoning ordinance of the city.   The proposed building would violate the building restrictions of the ordinance, at least as to setback, area, and height.   A permit was sought, and, on appeal from decision of the building inspector to the board of appeals under the ordinance, permission to build was granted, by and upon order of the board.

Plaintiffs, owners of homes adjoining and in the immediate neighborhood of the proposed church, filed this bill to enjoin the building as a violation of the zoning ordinance and alleging the order of the board of appeals to be void.

On motion the bill was dismissed.   Plaintiffs have appealed.

The zoning ordinance follows quite closely the statute permitting it.   1 Comp. Laws 1929, § 2633 *et seq.*

Of hearing on appeal the ordinance provides:

"Hearing of and decision upon appeal. The board of appeals shall fix a reasonable time for the hearing of the appeal and give due notice thereof to the parties, and decide the same within a reasonable time. Upon the hearing, any party may appear in person or by agent or by attorney. The board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision, or determination appealed from, and shall make such order, requirement, decision, or determination as in its opinion ought to be made in the premises, and to that end shall have all the powers of the officer from whom the appeal is taken. Where there are prac-

tical difficulties or unnecessary hardship in the way of carrying out the strict letter of this ordinance, the board of appeals shall have power in passing upon appeals to vary or modify any of the rules, regulations, or provisions of the ordinance, so that the spirit of the ordinance shall be observed, public safety secured and substantial justice done. The decision of such board shall be final so far as it involves discretion or the finding of facts.''

And of decision of the board of appeals:

''The final disposition of any such appeal shall be in the form of a resolution, either reversing, modifying, or affirming, wholly or partly, the decision or determination appealed from.''

We quote from the decision here:

''It appearing that the variations from the setback will not interfere with free view of traffic conditions, nor otherwise, that the side yard areas comply with the ordinance excepting as to a relatively small portion of the building and that the back yard areas abut immediately upon an alley which separates the 'A' from the 'B' residential zone, that the height variation is necessary to give a balance and harmonious effect to the building and permit its advantageous use; and it further appearing that there are practical difficulties and unnecessary hardship in requiring the carrying out of the strict letter of the ordinance, and that neither hardship nor disadvantage will accrue to the public generally or to those living in the vicinity by allowing the requested variations, therefore,'' etc. (followed by the order).

It will be observed that the ordinance, like the statute (1 Comp. Laws 1929, § 2637), makes the decision of the board of appeals final in so far as it involves discretion or the finding of facts. No rec-

ord is required except the order or decision "as in its opinion ought to be made."

The board is not required by ordinance or statute to set up the reasons or grounds of its decision, and no review by certiorari or otherwise is provided as in other States. *People, ex rel. Fordham M. R. Church,* v. *Walsh,* 244 N. Y. 280 (155 N. E. 575); *Prusik* v. *Board of Appeal,* 262 Mass. 451 (160 N. E. 312); Metzenbaum on The Law of Zoning, chap. 9, p. 247.

The statute (1 Comp. Laws 1929, § 2639), provides only that buildings erected, etc., in violation of the ordinance are nuisances *per se* which the court may abate.

The order or decision complained of is sufficient on its face. It recites the required findings of "practical difficulties" and "unnecessary hardships." The reasons or grounds of these findings we have no means of knowing, and the board of appeals is not required to state them, for no review is contemplated.

Under the statute and the ordinance, the discretion is that of the board, not the courts, and the decision is final, in the absence of fraud or bad faith, not here alleged.

As both sides claim under the ordinance, it is not urged, of course, to be invalid.

Affirmed, with costs.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.