AUSTIN v. OLDER.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCES—BOARD OF APPEALS—REMEDY UPON DENIAL OF BUILDING PERMIT.

 Under statute relative to appeal to board of appeals under municipal zoning ordinance an appeal to such board is the sole remedy of one denied a building permit thereunder in the absence of question as to the validity of such ordinance (1 Comp. Laws 1929, § 2637).

2. CERTIORARI—ADMINISTRATIVE OFFICERS—CONSTITUTIONAL LAW.

   Action of city engineer and board of appeals under zoning or-
   dinance in denying building permit to alter a gasoline filling
   station, alleged to be unconstitutional, may not be reviewed un-
   der certiorari (1 Comp. Laws 1929, § 2637).

3. MANDAMUS—ABUSE OF DISCRETION—CERTIORARI—BUILDING PER-
   MIT.

   Refusal of circuit judge to reconsider application for writ of
   certiorari to review denial of building permit for alteration of
   gasoline filling station by city engineer and board of appeals
   under zoning ordinance as application for writ of mandamus
   *held,* not an abuse of discretion (1 Comp. Laws 1929, § 2637).

Appeal from Washtenaw; Brown (William B.), J. Submitted October 13, 1936. (Docket No. 82, Calendar No. 39,160.) Decided December 28, 1936.

Petition by James Austin, doing business as J. Austin Oil Company, for a writ of certiorari to review decisions of the city engineer, T. Fred Older, and the Board of Appeals of Ypsilanti in refusing to issue a building permit. Writ issued. From order dismissing the writ, plaintiff appeals. Affirmed.

*Reid & Young* (*Hooper & Hooper,* of counsel), for plaintiff.

*John P. Kirk* (*Cleary & Weins,* of counsel), for defendants.

WIEST, J. Plaintiff company owns and operates a gasoline filling station in the city of Ypsilanti and started erection of the building thereon previous to the effective date of a zoning ordinance of the city and, after the ordinance became effective, made application to the city engineer for a permit to remodel and modernize the building.

We do not find the ordinance in the record but take the following provision thereof from the brief of plaintiff:

"The lawful use of buildings and of premises at the time of the adoption of this ordinance may be continued although such use does not conform with the provisions hereof. If no structural alterations are made a non-conforming use may be changed to any use permitted in a district where such non-conforming use would be permitted."

Plaintiff desired to fill open grease pits and erect an addition to the present building to house a greasing rack with a hydraulic hoist. The city engineer refused the requested permit and plaintiff took an appeal to the board of appeals, established by the ordinance in accord with the provisions of 1 Comp. Laws 1929, § 2637. The board of appeals, after due hearing, affirmed the action of the engineer in refusing a permit. Thereupon plaintiff, by writ of certiorari, asked for relief. Upon the hearing in the circuit court it was adjudged that no relief could be granted by certiorari. Upon announcement of such decision plaintiff asked that the application be considered one for writ of mandamus and the court declined to reconsider the case along that line. Plaintiff reviews by appeal.

In *Beardsley* v. *Evangelical Lutheran Bethlehem Church*, 261 Mich. 458, we said:

"It will be observed that the ordinance, like the statute (1 Comp. Laws 1929, § 2637), makes the decision of the board of appeals final in so far as it involves discretion or the finding of facts. No record is required except the order or decision 'as in its opinion ought to be made.'

"The board is not required by ordinance or statute to set up the reasons or grounds of its decision,

and no review by certiorari or otherwise is provided as in other States. * * *

"Under the statute and the ordinance, the discretion is that of the board, not the courts, and the decision is final, in the absence of fraud or bad faith, not here alleged."

There is an allegation that the board acted arbitrarily, but an examination of the record discloses no such action but rather a patient hearing before decision.

The statute providing for an appeal to the board accorded plaintiff all the remedy allowable unless the validity of the ordinance was to be questioned, and then the board could not pass upon that question, nor the court in the proceeding at bar.

If plaintiff considers the ordinance in conflict with constitutional provisions then the attack must be made in a direct proceeding to have judicial determination of that question and it cannot be had under certiorari to review the action of the administrative officers.

The circuit judge was right in holding there was no review by certiorari and did not abuse discretion in refusing to reconsider the case as upon an application for writ of mandamus.

The judgment in the circuit court is affirmed, with costs to defendant.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER and TOY, JJ., did not sit.