TEGLUND *v.* EAST LANSING BUILDING INSPECTOR.

1. MUNICIPAL CORPORATIONS—ZONING ORDINANCE—BOARD OF AP-
PEALS—DISCRETION TO VARY REGULATIONS.

A board of appeals under a zoning ordinance may vary the regu-
lations thereunder where power to do so is expressly con-
ferred by the ordinance and is not exercised arbitrarily or
with fraud or bad faith.

2. SAME—VARYING TERMS OF ZONING ORDINANCE BY BOARD OF AP-
PEALS.

A board of appeals under a zoning ordinance empowering board
to vary the regulations of the ordinance only where there
are practical difficulties or unnecessary hardships in comply-
ing with its provisions may not impose more severe restrictions
than imposed by the ordinance or restrain a use permissible
thereunder by varying its terms to meet a situation of diffi-
culty or hardship which would have existed in the absence of
the ordinance and which is not occasioned by it (East Lansing
Zoning Ordinance, §§ 9, 10).

Appeal from Ingham; Eger (Paul G.), J.   Sub-
mitted September 10, 1946.   (Calendar No. 43,419.)
Decided December 2, 1946.

Mandamus by Arthur L. Teglund and wife against
Frederick W. Dodge, East Lansing Building In-
spector, and Merton M. Cary and others, constitut-
ing the Board of Appeals under the East Lansing,
Michigan, zoning ordinance, to compel issuance of
a building permit for a multiple dwelling.   Writ
granted.   Defendants review by appeal in the na-
ture of certiorari.   Affirmed.

*Pierce, Planck & Ramsey,* for plaintiffs.

*Harry D. Hubbard (Shields, Ballard, Jennings & Taber,* of counsel), for defendants.

Dethmers, J.   The defendants are the building inspector and the members of the board of appeals, respectively, under the zoning ordinance, of the city of East Lansing.   Upon review, they seek reversal of an order of the Ingham circuit court granting plaintiffs a writ of mandamus compelling defendants to issue a building permit to the plaintiffs.

The plaintiffs are the owners of a lot located at 520 Linden street, East Lansing, Michigan, which is classified under the zoning ordinance of said city as being within the "C" multiple dwelling district. They made application to the building inspector for a permit to build on said premises a multiple dwelling of a type permissible under the ordinance in the zone in which the premises are situate.   The parties have agreed by stipulation that the application and the plans and specifications submitted therewith are adequate and sufficient and in conformity with all requirements.   The building inspector referred the application to the board of appeals which, after a public hearing, determined that the erection of the building contemplated by plaintiffs on said premises would be harmful to the public health, safety and general welfare and that, because of the unusual local conditions in the area in question, it would create practical difficulties and unnecessary hardships in complying with the terms of the ordinance.   Accordingly, the board denied the application.

The question for determination is whether it is competent for the board of appeals to refuse an

application for a building permit, made in due con-
formity with all the requirements, for a multiple
dwelling in an area where the erection of such a
structure is permitted by the provisions of the zon-
ing ordinance.

Defendants cite *Welch* v. *Swasey*, 214 U.S. 91, 103
(29 Sup. Ct. 567, 53 L. Ed. 923), *Beardsley* v. *Evan-
gelical Lutheran Bethlehem Church,* 261 Mich. 458
and *Austin* v. *Older,* 278 Mich. 518, as upholding the
authority given to boards of appeals by zoning
ordinances to vary the regulations thereof. In each
of these cases the application was for a permit for
a nonconforming use. None is determinative of the
question of whether the appeal board may prohibit
a use permitted by the zoning ordinance.

Plaintiffs rely on *Ralston Purina Co.* v. *Zoning
Board of Town of Westerly,* 64 R. I. 197 (12 Atl.
[2d] 219) and *Leonard Investment Co.* v. *Board of
Adjustment of the City of Trenton,* 122 N. J. Law,
308 (4 Atl. [2d] 768). These cases present factual
situations similar to the instant case, and the opin-
ions contain language that tends to support plain-
tiff's position. Defendants, however, point out that
in both cases the statute or ordinance therein
construed imposes restrictions on the power of the
board to vary the regulations of the ordinance which
are not to be found in the ordinance involved in
the case at bar, and defendants suggest that ''when
our Court has passed upon the question of the right
of a zoning board to exercise discretion, decisions
of other States are of value only to the student
dealing in abstractions.'' This Court has passed
upon the power of a board of appeals, in the exercise
of its discretion, to vary the regulations of a zoning
ordinance, and upheld the same in cases where the
power was expressly conferred by ordinance and

was not exercised arbitrarily or with fraud or bad faith. *Beardsley* v. *Evangelical Lutheran Bethlehem Church, supra; Austin* v. *Older, supra.*

But plaintiffs, in turn, contend that, in the instant case, it is not a question whether the board acted arbitrarily, fraudulently or in bad faith in the exercise of powers duly conferred upon it by the ordinance but, rather, whether the power has. been conferred upon the board to do what it here has done. With this position we are in accord. What are the relevant powers of the board under the ordinance?

Section 9 of the ordinance, creating and defining the powers of the board, provides, in part, as follows:

"Sec. 9.    Board of appeals.    *    *    *

"Jurisdiction: The board of appeals may, in specific cases after public notice and hearings, and subject to appropriate conditions and safeguard, determine and vary the application of the use, height and area district regulations herein established in harmony with their general purpose and intent as follows:    *    *    *

"(8) Where there are practical difficulties, unnecessary hardships in complying with the provisions of this ordinance, or unusual local conditions, the board of appeals may, in specific cases, adjust any such condition in harmony with the general purpose and intent of this ordinance so that the public health, safety and general welfare may be secured and substantial justice done."

Defendants assert that these provisions constitute a general grant of power and thereon they predicate the right to deny plaintiffs' application, finding, as they did, that the erection of the building contemplated by plaintiffs, in the language of the above subsection 8, would create practical difficulties and

unnecessary hardships in complying with the provisions of the ordinance. It is apparent from the record that what the board had in mind was that the erection of a four-story multiple dwelling by plaintiffs on said premises would create practical difficulties and unnecessary hardships for the neighbors who complained that such a building would be an unsightly structure in a neighborhood of single family residences. But are such difficulties and hardships occasioned by "complying with the provisions of this ordinance?" Would they not have existed were there no zoning ordinance in effect whatsoever? Is it such difficulties and hardships that the board is empowered to alleviate by varying the application of the regulations of the ordinance?

In the absence of the zoning ordinance plaintiffs would have the right to make any desired use of their premises not amounting to a nuisance. The erection of a multiple dwelling would in such case be the exercise of a legal right in the use and enjoyment of property. The ordinance places restrictions on the freedom to use property as desired. Such restrictions may, in specific cases, create situations in which "there are practical difficulties, unnecessary hardships in complying with the provisions of this ordinance." In such cases the board is empowered to vary the application of the regulations of the ordinance. Clearly, the board is not empowered to vary the regulations of the ordinance to meet a situation of difficulty or hardship which would have existed in the absence of the ordinance and which is not occasioned by it, inasmuch as said section 9 and subsection 8 thereof refer to hardships and difficulties in complying with the provisions of the ordinance. From this it inevitably follows that the board may not prohibit a use permissible in the

absence of the ordinance and equally permissible by the express terms of the ordinance.

That the board has no such power further appears from section 10 of the ordinance, which reads, in part:

"SEC. 10. Building permits.   *   *   *   When the plans submitted have been found to conform with the requirements of this ordinance, the building inspector shall issue a permit and affix to the plans an official stamp of approval."

The discretion vested in the board to vary the application of the regulations of the zoning ordinance is confined to the instances enumerated in section 9 thereof relating to nonconforming use and construction. No power reposes in the board to make restrictions on the use of specific property more severe than those imposed by the ordinance itself.

Affirmed, with costs to plaintiffs.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.