## BORON OIL COMPANY *v.* CITY OF SOUTHFIELD

1. ZONING — ORDINANCES — AMENDMENTS — PLANNING  COMMISSION —PUBLIC HEARINGS.

> The statute authorizing the legislative body of a city having a population of 25,000 or more, which has appointed a commission to recommend the boundaries of zoning districts and the regulations to be enforced therein, to establish zoning districts requires that public hearings be held by the commission and a final report made thereon before final action by the legislative body establishing such districts and regulations (CL 1948, § 125.584).

2. ZONING—ORDINANCES—VALIDITY—FAILURE TO HOLD PUBLIC HEARINGS.

> Amendment of zoning ordinance enacted by a city having a population of over 25,000 and having a city planning commission, is void in the absence of a prior public hearing before the city planning commission.

3. MANDAMUS—BUILDING PERMITS—ISSUANCE.

> A city which fails to issue a building permit within the time limit specified in the applicable city ordinance, may be compelled by writ of mandamus to issue the permit where an application for a permit conforms to the city's code and ordinances.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning §§ 10, 138, 176.
[2] 58 Am Jur, Zoning § 176.
[3] 34 Am Jur, Mandamus § 188.
[4] 39 Am Jur, Parties § 105.
[5] 41 Am Jur, Pleading §§ 340–342.
[6] 35 Am Jur, Mandamus §§ 333–335.

4. Pleading — Action — Defenses — Capacity to Sue — Lack of
   Capacity — Burden of Pleading.
       The burden of pleading lack of capacity for a party to sue is
   on the party alleging incapacity (GCR 1963, 112.1).

5. Action—Courts—Procedure—Pretrial Conference—Summary
   Judgment—Denial.
       The circuit court may treat a hearing on a motion for sum-
   mary judgment as a pretrial conference (GCR 1963, 117.4, 301).

6. Mandamus—Parties—Joinder—Necessary Party—Municipali-
   ties—Officers.
       An officer of a municipality is a proper defendant in a man-
   damus proceeding to compel him to perform certain duties
   where it is the duty of that officer to perform ministerial
   duties.

Appeal from Oakland, William John Beer, J.
Submitted Division 2 May 6, 1969, at Lansing.
(Docket No. 5,134.) Decided June 25, 1969. Re-
hearing denied August 1, 1969. Leave to appeal de-
nied October 21, 1969. See 382 Mich 788.

Complaint for writ of mandamus by Boron Oil
Company, an Ohio corporation, against the city of
Southfield, a municipal corporation, to compel
defendant to issue a building permit. Judgment
for plaintiff. Defendant appeals. Reversed and
remanded.

*Honigman, Miller, Schwartz & Cohn* (*Norman
Hyman,* of counsel), for plaintiff.

*Ginn & Kramer,* for defendant.

Before: Lesinski, C. J., and Quinn and Danhof,
JJ.

Lesinski, C. J. Plaintiff, Boron Oil Company,
on June 5, 1967, applied to the defendant, City of

Southfield, for a building permit authorizing construction of a gasoline station on certain land located in Southfield.  The city engineer of Southfield orally informed plaintiff that certain corrections in the building plans were necessary before the permit could be issued.  The plans were then corrected to comply with the building code, but Southfield neither issued the permit nor informed Boron in writing of the reasons for failure to issue the permit.

At the time plaintiff applied for a permit, the land involved was zoned commercial and would have permitted construction of a gasoline station.  Therefore, on June 19, 1967, plaintiff instituted this action in circuit court seeking mandamus to order the issuance of the building permit.  That same evening, the City Council of Southfield purported to enact an amendment to its zoning ordinance to restrict the land involved to office use only.  The amendment was enacted following a public hearing held by the City Council, but according to allegations of plaintiff which were uncontradicted by defendant, there was no public hearing before the Southfield Planning Commission.

Pursuant to the mandamus action, the circuit court issued an order directing defendant Southfield to show cause why the writ of mandamus sought by plaintiff should not issue.  Defendant filed answers to both the petition for the writ of mandamus and to the show cause order and moved for summary judgment, alleging failure of plaintiff to state a cause of action.  A combined hearing was had on the show cause order and the motion for summary judgment, but no testimony was taken.  At the conclusion of the hearing the court found plaintiff entitled to a writ of mandamus and ordered defend-

ant to forthwith issue plaintiff a building permit for the service station.

Defendant city of Southfield appeals.

Southfield contends the circuit court committed error in granting mandamus because the amendatory zoning ordinance passed on the date of institution of the instant action prohibited construction of a gasoline station on the land in question. In support, defendant cites *Franchise Realty Interstate Corporation* v. *City of Detroit* (1962), 368 Mich 276, where the Court denied mandamus after adopting the city of Detroit's defense that its newly amended zoning ordinance prohibited issuance of the requested building permit.

Plaintiff argues, and the circuit court held, that *Franchise Realty* is inapplicable because the purported amendment to the zoning ordinance was invalid, as it was enacted contrary to CL 1948, § 125-.584 (Stat Ann 1958 Rev § 5.2934). We agree. The transcript of the circuit court hearing contains an allegation by plaintiff that Southfield's *Planning Commission* never held a public hearing regarding the amendatory ordinance. At that hearing defendant's attorney was asked by the court whether a public hearing had been held before the Planning Commission, but the attorney was unable to refute plaintiff's allegation. Furthermore, the court allowed defendant's attorney three additional days after the court hearing within which to further determine whether a public hearing before the Planning Commission had been held. The record contains no assertion by the city that such a hearing did occur. Therefore, there was no disputed issue of fact as to whether the public hearing before the Planning Commission was held.

In *Bingham* v. *City of Flint* (1968), 14 Mich App 377, this Court considered the validity of an amenda-

tory zoning ordinance of the city of Flint. There, in a situation the reverse of that involved in the instant case, the Flint *City Commission* adopted an ordinance without itself holding a public hearing, although the Flint *Planning Commission* had conducted a public hearing. The *Bingham* Court held the amendatory ordinance invalid because the *city commission,* which was the legislative body of Flint, failed to hold a public hearing before it acted, as required under § 125.584. The Court stated that an amendment to an ordinance under § 125.584 must be adopted in the same manner as required for the adoption of an ordinance. The principles of *Bingham* and § 125.584, indicate that amendment of a zoning ordinance in a city having a population in excess of 25,000 requires:

1. That the legislative body shall not in the first instance determine the boundaries of districts nor impose regulations until after the receipt of the final report of a commission which the legislative body may appoint.

2. That the commission, if appointed by the legislative body, shall recommend the boundaries of districts and appropriate regulations to be enforced therein, shall make a tentative report, and shall hold public hearings thereon before submitting its final report.

3. That separate public hearings, both before the commission and before the legislative body, must be held before the amendment of an ordinance.

Southfield, a city having a population of over 25,000, has a planning commission and thus is subject to the special restrictions of *Bingham* and CL 1948, § 125.584. In the instant case, since the amendatory ordinance was enacted without a prior public hearing before the city planning commission, it is void. Section 125.584 and the principles of

*Bingham* require that where the legislative body of
a city such as Southfield has created a planning
commission, separate public hearings on an amenda-
tory zoning ordinance must be held by the city's
planning commission and by its legislative body.
Because the amendment is void, in the instant case
as in *Bingham*, "the commercial zoning remained
unaffected by the purported change in zoning".

Having voided the amendatory ordinance, the cir-
cuit court considered the question of whether the
building permit should have been issued under the
commercial zoning ordinance then in effect. At the
circuit court hearing, the court asked counsel for
defendant city:

"In other words, being succinct and to the point,
there is only one impediment to the issuance of this
building permit and that is the fact that you have
now, by way of amendment while all of this was
pending, acquired a change in zoning that permits
only office buildings in that area."

Counsel for defendant city replied: "The only
present impediment now is zoning." Were it not
for this concession by defendant city, this Court
would be required to remand this case for an evi-
dentiary hearing to determine whether the under-
lying facts indicate compliance with the commercial
zoning ordinance of defendant city. However, be-
cause counsel for defendant conceded that plaintiff's
corrected application for a building permit con-
formed with all Southfield ordinances other than
the amendatory zoning ordinance, and because the
amendatory zoning was void, there was no impedi-
ment to issuance of the building permit.

Under Article XIX of the building code and zon-
ing ordinances of the city of Southfield:

"Whenever the buildings, land and uses thereof
as set forth on the application are in conformity

with the provisions of this Ordinance and all other applicable codes and ordinances of the city of Southfield, it shall be the duty of the Director of Building and Safety Engineering to issue a building permit within 10 days after the receipt of such application."

Based on the city's concession that the corrected application for a permit conformed with all applicable Southfield codes and ordinances, it was Southfield's duty under Article XIX to issue the permit within 10 days after receipt of the corrected application. Southfield, concededly having failed in its duty to issue a permit under the above quoted provision, could, in a proper case, be compelled to perform by issuance of a writ of mandamus.

Defendant asserts on appeal that the circuit court erroneously based its issuance of mandamus upon city violation of another provision of Article XIX of the building code and zoning ordinances which provides:

"In all cases when the Director of Building and Safety Engineering shall refuse to issue a building permit he shall state such refusal in writing with the cause and reasons for said refusal."

We, however, decline to reach the issue of whether mandamus will issue where the application does not conform with the city's building code and ordinances, but no written reason for refusal is given within 10 days. Resolution of that issue is unnecessary because sufficient grounds for issuance of the writ of mandamus were clearly present under the previously cited sentence of Article XIX which requires the director to issue a permit within 10 days of receipt of an application in conformity with Southfield codes and ordinances.

Defendant also contends that the circuit court erred in issuing the writ of mandamus because Boron was not a proper party to compel issuance of the building permit. Under GCR 1963, 112.1, the burden of pleading lack of capacity for a party to sue is on the party alleging incapacity. Defendant in the instant case pled as an affirmative defense in its answer that:

"Boron Oil Company, the petitioner, has no interest in the land described in Exhibit A attached to the petition and is, therefore, not a proper party."

Thus, the issue of plaintiff's capacity was properly before the circuit court.

Plaintiff, however, asserts that in defendant's memorandum of fact and law in support of its answer to the order to show cause and during the circuit court hearing, defendant in effect conceded that plaintiff was the real party in interest. We disagree. Upon examination of the memorandum and the transcript of the hearing, we are not convinced that defendant conceded this issue. Indeed, when during plaintiff's argument plaintiff introduced exhibit 3 in an attempt to prove ownership of the property in plaintiff, defendant objected, claiming the document irrelevant and immaterial.* Moreover, although defendant failed to raise the issue of incapacity at the circuit court hearing, the transcript of the hearing indicates that defendant, after expressing its willingness to argue the issues, was told that the court was ready to dispose of the case and no further argument on either side would

---

* Exhibit 3 consisted of an exercised option to the land in question granted by Metropolitan Federal Savings and Loan Association to the Detroit Bank and Trust Company as trustee. The option did not name the beneficiary of Detroit Bank and Trust Company's trusteeship, and no further evidence was presented to prove ownership of the property in Boron Oil Company.

be helpful. Based upon defendant counsel's pleading of incapacity, his objection to admission of evidence tending to prove capacity, and the circuit court's refusal to allow defendant's counsel to continue his argument, the circuit court's determination as to capacity must be reversed. The defendant should be provided the opportunity to have a hearing to determine whether there is a genuine issue of fact regarding the capacity of plaintiff to institute a mandamus action against defendant.

While Southfield also contends the writ of mandamus should not have issued because Southfield was denied a pretrial conference under GCR 1963, 301, this issue is moot. The circuit court under GCR 1963, 117.4, may treat a hearing on the summary judgment as a pretrial conference under Rule 301. Therefore, upon remand in the instant case, the circuit court may consider the hearing on defendant's motion for summary judgment to constitute the pretrial conference, and is to grant a defendant hearing to determine whether defendant can demonstrate any genuine issue of fact as to capacity. Should defendant be unable to present any genuine factual issue as to incapacity, summary judgment may be granted plaintiff under GCR 1963, 117.3. If defendant can prove incapacity pursuant to motion under GCR 1963, 116, defendant may be granted an accelerated judgment. If a genuine factual issue exists regarding plaintiff's capacity to sue, trial must be had on this issue.

Although neither party raised the issue of the proper name by which a municipality is to be sued, we deem this issue to be of sufficient merit to warrant raising it on our own motion. CLS 1961, § 600.2051 (Stat Ann 1962 Rev § 27A.2501) and GCR 1963, 201.3(5) provide;

"Actions to which this state or any governmental unit, including but not limited to a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, public body, or political subdivision is a party may be brought by or against such party in its own name, or in the official capacity of an officer authorized to sue or be sued in its behalf, *except that an officer of the state or any such unit shall be sued in his official capacity for the purpose of enforcing the performance by him of an official duty.* Whenever any officer sues or is sued in his official capacity, he may be described as a party by his official title and not by name, subject to the discretion of the court, upon *its own* motion or that of any party, to require his name to be added." (Emphasis supplied.)

In the instant case plaintiff sued defendant by the name "City of Southfield", and sought to obtain a writ of mandamus requiring a building permit to issue. Under Article XIX of the building code and zoning ordinance of the City of Southfield, *supra,* it is the duty of the Southfield Director of Building and Safety Engineering to issue building permits. Thus, under GCR 1963, 201.3(5) and CLS 1961, § 600.2051 the proper defendant in this action is the Southfield Director of Building and Safety Engineering. Therefore, on remand, the circuit court is directed to add the Southfield Director of Building and Safety Engineering **as a** proper defendant.

Reversed and remanded.

All concurred.