NICHOLAS v CHARTER TOWNSHIP BOARD OF WATERTOWN

1. Mandamus—Conditions.

A writ of mandamus will issue only if the plaintiff proves that he has a clear legal right to the performance of the specific act sought to be compelled and that the defendant has a clear legal duty to perform the act.

2. Zoning—Planning Commission—Board of Appeals.

A charter township which has established a planning commission pursuant to the act to provide for township planning but has created no zoning board is not required by that act to create a zoning board of appeals (MCLA 125.321–125.333).

Appeal from Clinton, Leo W. Corkin, J. Submitted Division 3 October 11, 1972, at Grand Rapids. (Docket No. 12966.) Decided October 26, 1972.

Complaint by William C. Nicholas against the Board of the Charter Township of Watertown for mandamus to compel the township to create a zoning board of appeals. Summary judgment for defendant. Plaintiff appeals. Affirmed.

William C. Nicholas, *in propria persona.*

*Foster, Lindemer, Swift & Collins,* for defendant.

Before: Holbrook, P. J., and R. B. Burns and Targonski,* JJ.

Holbrook, P. J. Plaintiff is a taxpayer and resi-

References for Points in Headnotes

[1] 53 Am Jur 2d, Mandamus § 72.
[2] 58 Am Jur, Zoning § 194.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dent of the defendant Charter Township of Water-town. On April 10, 1967, the defendant township by resolution created a Township Planning Commission pursuant to 1959 PA 168[1] and appointed certain named persons to the commission. Nothing more was done.

On March 26, 1971, plaintiff filed his complaint seeking a writ of mandamus ordering defendant township to create a zoning board of appeals. From a summary judgment for defendant township, plaintiff appeals.

It is clear that a writ of mandamus will issue only if the plaintiff proves that he has a clear legal right to the performance of the specific acts sought to be compelled and that defendant has a clear legal duty to perform such acts. *Kortering v Muskegon,* 41 Mich App 153 (1972). This Court will not interfere with the trial court's denial of the writ unless it is evident that such denial constitutes a clear abuse of discretion. *Kortering, supra.*

Paragraphs 6, 7, and 8 of plaintiff's complaint apparently are the basis for plaintiff's claimed right to the issuance of the writ of mandamus. They state:

"6. That on April 10, 1967, the Charter Township of Watertown did by resolution pursuant to Act 168 of the Public Acts of 1959 (MSA 5.2963 [101] through [113]) create a Township Planning Commission, a copy of a certified true copy being attached hereto and incorporated herein as certified by Mildred F. McDonough, Clerk of Watertown Charter Township.

"7. That pursuant to Act 168 of the Public Acts of 1959 (MSA 5.2963 [101] through [113]), the act clearly states that any Township who shall have created a Planning Commission and/or zoning Board under the provisions of this act shall create a zoning board of appeals which shall consist of the Chairman of the

---

[1] MCLA 125.321 *et seq.;* MSA 5.2963 (101) *et seq.*

Planning Commission, a member of the Township board so appointed by the Board and a third member appointed by the above mentioned two, who shall be selected from the electors of the Township.

"8. That the Charter Township Board of Watertown Township has failed to abide by the Statutes as prescribed in appointing said zoning Board of Appeals in clear violation of said statutes."

After reading 1959 PA 168 we fail to find any provision therein that requires a township which has created a Planning Commission pursuant to the act to create a zoning board of appeals.[2] Thus, we conclude that plaintiff has failed to prove that defendant township has a clear legal duty to perform the specific act of creating a zoning board of appeals and that he has a specific right to have such act performed.

Affirmed. No costs, a public question involved.

All concurred.

---

[2] Apparently, plaintiff misreads MCLA 125.288; MSA 5.2963 (18), which is a section of 1943 PA 184 and not applicable to the instant case, as being a part of 1959 PA 168.