BILLS v GRAND BLANC TOWNSHIP

1. MANDAMUS—REQUIREMENTS FOR WRIT—LEGAL RIGHTS—LEGAL DU-
   TIES.

   A plaintiff must have a clear legal right to the performance of
   the specific act sought to be compelled and the defendant must
   have a clear legal duty to perform such ministerial act which is
   prescribed and defined by law with such precision and certainty
   as to leave nothing to the exercise of discretion or judgment in
   order to support the issuance of a writ of mandamus.

2. MANDAMUS—PLEADING—PARTIES—NECESSARY PARTIES—GOVERN-
   MENTAL BODIES—OFFICERS—BUILDING PERMITS.

   A complaint for mandamus must name a governmental body as a
   party defendant where a local official is required by statute to
   obtain the approval of that body before granting the requested
   relief; however, where the ultimate relief sought is the issuance
   of a building permit, which must have the approval of the
   planning commission, and the planning commission is not
   named as a party defendant, an action for mandamus may
   proceed as long as the principal municipal body and the official
   ultimately responsible for the issuance of the permit are named
   as party defendants.

3. LICENSES—MUNICIPAL CORPORATIONS—BUILDING PERMITS—ISSU-
   ANCE OF PERMITS—DISCRETION OF OFFICERS.

   The granting or withholding of a building permit is not a matter
   of arbitrary discretion and generally if the party seeking such a
   permit complies with the applicable laws he is entitled to the
   permit as a matter of right.

Appeal from Genesee, Thomas C. Yeotis, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus §§ 63, 64, 72, 73.
[2] 52 Am Jur 2d, Mandamus §§ 397, 404, 408.
[3] 51 Am Jur 2d, Licenses and Permits §§ 45–47.
  Change in law pending application for permit or license. 169 ALR
  584.

mitted Division 2 February 5, 1975, at Lansing. (Docket No. 18094.) Decided March 13, 1975.

Complaint by Harold and Patsy Bills against the Township of Grand Blanc and Donald Ackett, the township's building inspector, for mandamus to order the issuance of a building permit. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Gordon Suber,* for plaintiffs.

*Lyndon J. Lattie,* for defendants.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ.

PER CURIAM. This is an appeal from an order granting the plaintiff's request for a writ of mandamus to issue against the defendant township and its building inspector. The order required the defendants to issue a building permit to the plaintiff for the construction of a one-story "pole-type" steel building adjacent to his residence for the purpose of storing winter sports equipment for supplemental use in connection with the plaintiff's existing business—the sales and service of lawn tractors and garden equipment. The court found that the general "Light Industrial" (I-1) zoning classification permits the operation of this type of business.

The plaintiff testified at the hearing on his complaint for mandamus that he had operated a small business dealing with the sales and service of lawn and garden equipment since the fall of 1965. He had made a verbal request upon the township for a building permit in June of 1972, when he intended to erect a storage facility for recreational vehicles and sports equipment. This

request was denied, and the plaintiff thereafter sought a variance from the ordinance, which request was similarly turned down.

A written application for a building permit was submitted to the defendant township, along with a site plan and blueprints on April 26, 1973, although the individual defendant denied ever having seen the application. This action was commenced on May 10, 1973.

Offered into evidence was a copy of the applicable township ordinance which requires the approval by the local planning commission of all site plans prior to the issuance of a building permit. The defendant building inspector testified that this commission had convened at least five times prior to the July 18, 1973 hearing. Plaintiff's site plan was not submitted for consideration at any of these meetings. The building inspector indicated he had no power to make the necessary site plan approval because, under the ordinance, the approval must come from the planning commission.

At the conclusion of the plaintiff's presentation of testimony from five witnesses, and after hearing oral arguments from both counsel, the trial court found that the conduct of a sales and service business of the type contemplated by the plaintiff was a use compatible with the "Light Industrial" (I-1) zoning classification and dismissed with prejudice the defendant's cross-complaint for injunctive relief. The judge then entered an order which required the defendants to deliver a building permit for the construction of the plaintiff's storage facility without plaintiff's being required to obtain approval of the site plan from the township planning commission, subject to building regulations and specifications.

This mandamus action was properly brought in

Genesee County Circuit Court under the authority of GCR 1963, 714.1(2). To support the issuance of mandamus, (1) a plaintiff must have a clear legal right to the performance of the specific act sought to be compelled, and (2) the defendant must have a clear legal duty to perform such ministerial act, which is prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Iron County Board of Supervisors v Crystal Falls,* 23 Mich App 319; 178 NW2d 527 (1970), *Nicholas v Charter Township Board of Watertown,* 43 Mich App 510; 204 NW2d 365 (1972).

It is argued by the defendants that they were never in receipt of the permit application, that they had not been given sufficient time or opportunity to consider the plaintiff's application, and that one of the plaintiff's intended uses for the proposed buildings—the sales and service of lawn and garden equipment—is proscribed by the existing zoning ordinance.

The first contention is flatly contradicted by the plaintiff's testimony that a written application was in fact submitted and that one of the defendant's employee's signatures did in fact appear thereon. The defendant's contention that they have not been given a sufficient opportunity to act on the application is equally unfounded by facts in the record. The trial court's finding that the sale and service of garden and lawn equipment is compatible with the applicable zoning classification was conceded by the defendant building inspector himself.

On review we may examine the record to determine whether there is testimony to support the findings. An examination of the record before us discloses an abundance of testimony to support the

findings of the trial judge. *Tanton v McKenney,* 226 Mich 245; 197 NW 510 (1924).

The question of whether the plaintiff has established a "clear legal duty and power" to grant the requested relief is raised by the court's order requiring the issuance of the permit without the plaintiff's having to obtain site plan approval from the planning commission (which body is not a named defendant in this lawsuit). As previously indicated the defendant building inspector is powerless to issue a building permit unless and until the planning commission approves the site plan for the proposed construction. It is urged by the defendants that the commission was a necessary party defendant to this suit for mandamus.

Where a local official is required by statute to obtain the approval of another governmental body before granting the requested relief, the complaint for mandamus must name that body as a party defendant. *Berube v Wheeler,* 128 Mich 32; 87 NW 50 (1901). However, recent cases suggest that joinder of the principal municipal body and the official who is responsible for issuing the building permit is sufficient in cases where such issuance is the ultimate relief sought. See *Boron Oil Co v Southfield,* 18 Mich App 135; 170 NW2d 517 (1969). Therefore a mandamus action seeking the issuance of a building permit may proceed as long as the official ultimately responsible for its issuance is named as a party defendant.

The granting or withholding of a building permit is not a matter of arbitrary discretion and generally if the applicant complies with the applicable laws he is entitled to a permit as a matter of right, regardless of the opinion or action of the issuing officials. See *Teglund v East Lansing Building Inspector,* 316 Mich 185; 25 NW2d 161 (1946).

A finding that the defendant does indeed have the clear legal duty and power to act is bolstered by the building inspector's concession that the construction of the proposed building itself is not contrary to the zoning ordinance. It is evident that the issuance of the instant building permit is a nondiscretionary, ministerial act properly the object of a suit for mandamus. *Boron Oil Co v Southfield, supra.*

The fact that the instant order dispenses with the necessity of an appearance before the site plan review committee does not constitute error inasmuch as the order requires full compliance with the applicable building and construction regulations and specifications.

The judgment of the circuit court is therefore affirmed.