CHILDERS v KENT COUNTY CLERK

Docket No. 76040. Submitted June 7, 1984, at Grand Rapids.—Decided January 3, 1985.

Plaintiffs, Fred Childers and Harold Visser, filed petitions with the defendant, Kent County Clerk Maurice DeJonge, seeking a recall election in regard to five of the elected officials of Tyrone Township, Kent County, Michigan. Following an examination of the petitions, the defendant advised the plaintiffs that the petitions had insufficient signatures and were therefore invalid. Plaintiffs then sought to submit to the defendant additional affidavits of the circulators of the petitions for the purpose of correcting defects in the petitions in regard to the certificates of the circulators. The defendant refused to accept the additional affidavits. Plaintiffs then brought an action in the Kent Circuit Court seeking a writ of mandamus compelling defendant to reinstate certain of the recall petitions and to take the steps necessary to have a recall election. The trial court, Stuart Hoffius, J., determined that defendant was justified in refusing to call a special recall election and issued an order denying a writ of mandamus. Plaintiffs appeal. *Held:*

1. The trial court did not abuse its discretion in denying plaintiff's request for a writ of mandamus..

2. The Michigan Election Law specifically negates the authority of a clerk to accept signatures of persons appearing on the petitions after the circulator signs the certificate of circulator or to accept the affidavits filed by plaintiffs in an attempt to cure the defects in the certificates of circulators. The filing period for recall petitions closes when those petitions are filed.

Affirmed.

1. MANDAMUS — MINISTERIAL ACTS.

Mandamus lies only when there is a clear legal duty incumbent

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus §§ 3, 4.

[2] 52 Am Jur 2d, Mandamus §§ 5, 46 *et seq.*

[3] 5 Am Jur 2d, Appeal and Error § 870.
    52 Am Jur 2d, Mandamus § 494.

[4, 5] 42 Am Jur 2d, Initiative and Referendum §§ 34-36.

[5] 42 Am Jur 2d, Initiative and Referendum § 37.

on the defendant and a clear legal right in the plaintiff to the discharge of such duty; the specific act sought to be compelled must be of a ministerial nature, that is, prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment.

2. MANDAMUS — REMEDIES.

Mandamus, being an extraordinary remedy, is properly granted only where there is practically no other remedy, legal or equitable, which might achieve the same result.

3. MANDAMUS — APPEAL.

The Court of Appeals will not interfere with a trial court's refusal to issue a writ of mandamus absent a clear abuse of discretion.

4. ELECTIONS — RECALL ELECTIONS — RECALL PETITIONS — FILING PERIOD.

The filing period for recall petitions closes when those petitions are filed; such filing constitutes the total filing, and additional petition sheets for the filing shall not be accepted by the filing official (MCL 168.961; MSA 6.1961).

5. ELECTIONS — RECALL ELECTIONS — RECALL PETITIONS — MICHIGAN ELECTION LAW.

The filing official shall not count signatures on a recall petition sheet where the execution of the certificate of circulator is not in compliance with the Michigan Election Law or where the signatures were obtained more than 90 days before the filing of the petition (MCL 168.961; MSA 6.1961).

Harold Visser, *in propria persona,* for plaintiffs.

*Varnum, Riddering, Schmidt & Howlett* (by *Jon F. DeWitt, Richard W. Butler, Jr.,* and *William J. Lawrence, III,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and M. J. KELLY and C. H. MULLEN,* JJ.

PER CURIAM. Plaintiffs, desiring to recall five of the elected officials of Tyrone Township, Kent County, Michigan, filed their complaint on Novem-

* Circuit judge, sitting on the Court of Appeals by assignment.

ber 7, 1983, seeking a writ of mandamus compelling defendant, the Kent County Clerk, Maurice DeJonge, to reinstate certain recall petitions and to take the steps necessary to have a recall election. A hearing on plaintiffs' complaint was held before the circuit court on November 9, 1983. Plaintiffs appeal as of right from the circuit court's denial of their request for a writ of mandamus.

The circuit court, in its written opinion dated December 27, 1983, described the uncontested facts underlying this action as follows:

"Plaintiffs, residents of Tyrone Township, have filed this action seeking a writ of mandamus to compel the Clerk of Kent County to place on the ballot the recall of five township officials. Plaintiffs filed with the county clerk on August 19, 1983, petitions for the recall of these officials pursuant to Michigan Statutes Annotated 6.1952-70. This action was filed November 7, 1983, after the county clerk advised the plaintiffs that there were insufficient valid signatures to call a special recall election.

"The statutes here involved require that the recall petitions shall be signed by not less than 25 percent of the number of votes cast for candidates for Governor at the last general election in the electoral district of the officer sought to be recalled. This would require 278 signatures of qualified and registered electors.

"The defendant county clerk examined the petitions and determined that a number of the petitions filed with respect to each township official were not in proper form as required by the statute for one of the following reasons.

"1. The certificate of the circulator on the reverse side was not dated.

"2. The certificate of the circulator was dated prior to the dates of all signatures on the petition.

"3. The certificate was dated prior to the dates of some but not all of the signatures on the petition.

"After making such determination, the clerk struck

out the signatures on the petition which were dated after the date of the certificate.

"Since the township clerk was the subject of one of the recall petitions, the defendant clerk appointed a township deputy clerk to perform the functions of the township clerk with respect to the comparison of signatures on the petitions. Some of the signatures on the petitions of each of the officials were invalidated by the Deputy Clerk of the Township because the signatures were not those of registered electors.

"On September 15, 1983, the defendant county clerk advised the plaintiffs that the recall petitions had insufficient signatures and were therefore invalid, because they contained less than the required number of valid signatures. On September 26, 1983, plaintiffs sought to submit additional affidavits of the circulators to defendant for the purpose of correcting the defective certificates. These were rejected by defendant clerk. Plaintiffs now seek to compel, by writ of mandamus, the defendant to call a special election for the purpose of recalling these five officials."

The circuit court held that plaintiffs' recall petitions did not contain the necessary number of signatures due to the defects in the certificates of the circulators and that defendant was justified in refusing to call a special recall election.

An examination of plaintiffs' petitions indicates that the circulators were clearly directed not to sign or date the "certificate of circulator", found on the back of each petition sheet, until after circulating the petition.

On appeal, plaintiffs argue that they had 90 days from the date the language contained in their petition was approved in order to complete the filing of that petition. Accordingly, because the correcting affidavits were filed within this 90-day period, plaintiffs argue that defendant had a clear legal duty to accept those correcting affidavits. We disagree.

As a preliminary matter, a discussion of when a writ of mandamus should be issued is warranted. In *Oakland County Bd of Road Comm'rs v State Highway Comm,* 79 Mich App 505, 509; 261 NW2d 329 (1977), *lv den* 402 Mich 907 (1978), this Court stated:

> "Mandamus lies only when there is a clear legal duty incumbent on the defendant and a clear legal right in the plaintiff to the discharge of such duty. *Miller v Detroit,* 250 Mich 633; 230 NW 936 (1930). The specific act sought to be compelled must be of a ministerial nature, that is, prescribed and defined by law with such precision and certainty as to leave nothing to the exercise of discretion or judgment. *Taylor v Ottawa Circuit Judge,* 343 Mich 440; 72 NW2d 146 (1955); *Bills v Grand Blanc Township,* 59 Mich App 619; 229 NW2d 871 (1975); *State Bd of Ed v Garden City School Dist,* 62 Mich App 376; 233 NW2d 547 (1975)." (Footnote omitted.)

Additionally, being an extraordinary remedy, mandamus is properly granted only where there is practically no other remedy, legal or equitable, which might achieve the same result. *Id.,* p 508.

Finally, this Court will not interfere with a trial court's refusal to issue a writ of mandamus absent a clear abuse of discretion. *Cyrus v Calhoun County Sheriff,* 85 Mich App 397, 399; 271 NW2d 249 (1978).

Section 961 of the Michigan Election Law, MCL 168.961; MSA 6.1961, states in relevant part:

> "A recall petition shall be filed with the filing officer provided in section 959 or 960. The filing official shall give a receipt showing the date of filing, the number of petition sheets filed, and the number of signatures claimed by the filer. *This shall constitute the total filing, and additional petition sheets for this filing shall not be accepted by the filing official.* The filing official

with whom a recall petition is filed, within 7 days shall examine the recall petition. The filing official shall determine if the recall petition is in proper form and shall determine the number of signatures of the petition. In determining the number of signatures, *the filing official shall not count signatures on a petition sheet where the execution of the certificate of circulator is not in compliance with this act, * * * or where the signature was obtained* before the date of determination by the board of county election commissioners or *more than 90 days before the filing of the petition.* (Emphasis added.)

We need go no further than to simply review this statutory provision in order to dispose of this appeal.

Defendant had no clear legal duty either to accept the signatures of persons appearing on the petitions *after* the circulator signed the "certificate of circulator" or to accept the affidavits filed by plaintiffs in an attempt to cure the defects in the "certificate of circulator". The statute explicitly negates the authority of a clerk to perform these tasks.

Likewise, the statutory language provides that the "filing period" for recall petitions closes when those petitions are filed. The only reference to a 90-day period in this statute pertains to the age of the signatures. In other words, if the signatures on the petition are obtained more than 90 days before the petition is filed, then the signatures shall not be counted by the filing official.

Accordingly, the circuit court did not abuse its discretion in denying plaintiffs' request for a writ of mandamus.

Affirmed.